### APPROPRIATION FOR STREETS ACROSS RAILWAY TRACKS.

THE P., C., & ST. L. RAILWAY CO. v. THE CITY OF GREENVILLE.

69 Ohio State—Decided, February 2, 1904.

*Appropriation of Property by Municipal Corporation—For Opening Streets Across Railway Tracks and Lands—Section 2233, Revised Statutes—Railway Company May Seek Relief in Court of Equity, When—Court May Restrain Proceedings for Compensation Assessments—Court Procedure—Municipal Law.*

1. Where a municipal corporation exercises the power. to appropriate for the purpose of opening or extending streets or alleys across railway tracks and lands held or owned by a railway company, under Section 2233 and cognate sections, Revised Statutes, and is about to file in the probate or common pleas court an application for the assessment of compensation to the holder or owner of such railway property, the company may resort to a court of equity by filing a petition against the municipality, alleging sufficient facts to show that such extension of the streets or alleys will unnecessarily interfere with reasonable use of said tracks and other property to be affected, and the court may upon such petition restrain further proceeding for the assessment of compensation until the claim of the company may be judicially determined.

2. The petition involved in this case states a cause of action for the relief therein prayed for.

Error to the Circuit Court of Darke County.

The action commenced in the court of common pleas is for an injunction against the City of Greenville, to prevent it from extending Wayne and Harrison avenues in said city across the tracks, side-tracks, yards and other property of the railway company. Facts are alleged in the petition tending to show that the extensions proposed will unnecessarily interfere with the reasonable use of said property by the railway company; and that the city has passed a resolution to appropriate for the extensions, a part of the said railroad property, and is about to apply to court for the assessment of compensation. Other averments are noticed in the opinion.

The petition prays for an injunction against the city taking any steps for the purpose of having compensation assessed for the property appropriated, and that the city be enjoined from taking possession of the premises and from interfering with the plaintiff's use of the same, and that its rights be declared paramount to the rights of the city.

General equitable relief is prayed for.

The City of Greenville, by its solicitor, demurred to this petition on the ground that it does not state facts sufficient to constitute a cause of action against the city and does not state facts sufficient to warrant the court in granting the relief prayed for.

The demurrer was sustained by the court and petition dismissed, and upon appeal the circuit court rendered a like judgment. Thereupon the railway company filed its petition in error in this court, seeking to reverse the judgment of the circuit court.

*Anderson, Bowman & Anderson* and *C. B. Heiserman*, for plaintiff in error.

*Guy C. Baker*, City Solicitor; *D. L. Gaskill* and *J. M. Bickel*, for defendant in error.

PRICE, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and CREW, JJ., concur.

The questions involved in this proceeding are of more than ordinary interest, and deserve a careful review. The petition is elaborate with description of the property of plaintiff, the

date of its acquirement, and the serious inroads about to be made upon it and its proper use. It is fruitful of apprehensions of impending danger to its property, and spreads before us for consideration the nature and extent of its possessions and rights in the City of Greenville which will surely be affected and inevitably injured if the defendant in error is allowed to proceed with the work of appropriation.

It is alleged that the Council of the City of Greenville has passed an ordinance which, by its terms, appropriates portions of the plaintiff's premises for the extension of Wayne and Harrison avenues across the railway property, tracks and yards, the Wayne street extension to be sixty-six feet in width, and that the railway company acquired the premises so to be crossed long prior to the establishing of either of said avenues, and that it had located and constructed its station and yards so as to be able to transact its business conveniently and safely, and at the same time accommodate the public. It has constructed, and for many years maintained upon its premises its main railway track and three side-tracks with the necessary switches and yards, and upon the same land has erected and maintained its freight depot, stock pens and weighing scales, all of which are in daily use, and absolutely necessary for the transaction of its business. The side-tracks, switches and yards are used by the plaintiff to shift cars and make up trains to deliver to and remove from the station at Greenville loaded and empty cars, and the side-tracks are usually wholly occupied by freight cars, a large number of which are required to carry on the company's business, and that the side-tracks and switches at the points of threatened extension are so arranged that daily a large number of vehicles and teams are driven upon the premises for the purpose of carrying away freight, or bringing in freight for shipment to other points. It also appears by averment, that other and sufficient streets have heretofore been extended across the company's lands to amply accommodate the traveling public, and that the company has no other grounds or lands which can be used or occupied for its business, and that none can be secured within the city limits. If the proposed extensions are made, the petition says, the railroad yards will be cut into three sections of about 300 feet each in length, and that to manage and make up its trains

it will be impossible to comply with the laws of Ohio with reference to blockading of street crossings, and its property will thereby be rendered valueless to the company for the uses to which it is now devoted.

The petition then says that the appropriation of said property and the extension of said avenues will unnecessarily interfere with the reasonable use of the plaintiff's property for railroad purposes, and it will be prevented from the full and free exercise of its rights and privileges under the law. There are other averments in the petition which we need not at present set out. The company would have the city enjoined from making the extensions. Both of the lower courts held the petition bad on demurrer, and we are asked to determine whether their judgments shall stand. The questions raised by the demurrer as stated by counsel are: 1. Is this petition sufficient to entitle the plaintiff to an injunction? 2. Has the plaintiff an adequate remedy at law?

There is no doubt of the power of a municipal corporation to lay out and establish streets or alleys across railroad tracks and lands, if one condition fixed by the law is not broken. The easement or right of a railroad company acquired by appropriation in the exercise of the right of eminent domain, or its tracks and lands acquired by purchase for railroad purposes, may alike be subjected to the use of a municipal corporation in the form of streets and alleys, if done in accordance with the provisions made by our General Assembly on the subject. Appropriations by municipal corporations are not governed or controlled by the general statute for the appropriation of private property by corporations, as found in Sections 6414 to 6453, Revised Statutes, inclusive. That there should be no doubt about this, Section 6453 expressly provides that "the provisions of this chapter shall not apply to proceedings by state, county, township, district or municipal authorities, to appropriate private property for public uses, or for roads or ditches;" therefore we may lay aside the rules of procedure provided in those sections and look to the municipal code as the sole authority for the appropriation of property by municipal corporations.

It begins in Section 2232, Revised Statutes, and thereby "Each city and village may appropriate, enter upon and hold

real estate within its corporate limits for the following purposes, but no more shall be taken or appropriated than is reasonably necessary for the purpose to which it is to be applied: 1. For opening, widening, straightening and extending streets, alleys and avenues; also for obtaining gravel or other material for the improvement of the same." * * * Then follows in detail the numerous purposes for which appropriation may be made. In April, 1873, the municipal code was so amended that the section as amended and now Section 2233, Revised Statutes, reads:

"The power to appropriate may also be exercised for the purpose of opening or extending streets or alleys across railway tracks, and lands held or owned by railway companies, * * * where such appropriation will not unnecessarily interfere with the reasonable use of the property so crossed by any such improvements." * * *

The next inquiry is: How may it, the municipal corporation, appropriate? This is answered by Section 2235, Revised Statutes, which is in part:

"When it is deemed necessary by any municipal corporation to appropriate private property as hereinbefore provided, the council, board of legislation, or other legislative body, as the case may be, shall order by a yea and nay vote, of which due record shall be made and kept, a resolution prepared declaring such intent, defining therein the purpose of the appropriation, and setting forth a pertinent description of the property designed to be appropriated; and immediately upon the introduction of such a resolution, and before the passage of the same, the mayor of the corporation shall cause written notice of such resolution to be given to the owner or owners of every piece of property sought to be appropriated, or to his, her or their authorized agent. * * * And such written notice shall be served by an officer of the corporation designated for the purpose, and return made by such officer in the same manner as is provided by law for the service of summons in civil actions; * * * and no action shall be taken upon such resolution until all the owners of property sought to be appropriated shall have had notice as herein provided; and on the passage of such resolution the yeas and nays shall be taken and entered on the record of the proceedings of the council or legislative body." * * * When the resolution has thus been acted upon, passed and recorded, the municipal power has been exercised, and the appropriation made. The further proceedings are for

compensation to the owner whose property has been appropriated. The next step therefore is under Section 2236, which is that:

"Upon the passage of the resolution by the requisite majority, application in writing shall be made to the court of common pleas of the proper county, or to a judge thereof in vacation, or to the probate court of the county, which application shall describe as correctly as possible the property to be taken, the object proposed, and the name of the owner of each lot or parcel of the property."

The next section provides for notice and its service. Section 2238, gives the scope of inquiry preliminary to calling a jury:

"If it appear to the court or judge that such notice has been served five days before the time of the application, or has been published as provided in the preceding section, and that such notice is reasonably specific and certain, the court or judge may set a time for the inquiry into and assessment of compensation, by a jury of twelve men." * * * Section 2239 provides in substance that if the application be in the common pleas, and that court is not in session on the day fixed for the inquiry and assessment of compensation, the judge "shall hold a special term of court for the purpose of hearing and determining such inquiry and assessment, and shall direct a jury to be summoned for the purpose of making such inquiry." Following this is the method of obtaining the jury and the order of proceedings at the trial. Where, in all these provisions, is there a forum in which can be determined, the condition to the exercise of power to appropriate in such cases, to-wit, that "such appropriation will not unnecessarily interfere with the reasonable use of the property so crossed by any such improvements," as found in Section 2233? This fact must be found somewhere in order that the municipality may extend "streets or alleys across railway tracks and lands held or owned by railway companies." No doubt exists that the inquiry may be made before the village or city council where the resolution to appropriate is pending, and the notice to the holder or owner of such railroad property is required in order that objections to the appropriation may be made before the passage of the resolution. But is such opportunity, or remedy, if it be one, exclusive? Is it adequate? Let us see. The council has no authority to call or summon or

swear witnesses. No issue can be made up before it on the important question. The statute makes no provision for any finding by the council on the subject, and none for recording such finding if one should be made. Neither error or appeal will lie as to its decision. In no sense can the hearing before the council be called a judicial trial, for it has none of its essentials. Nor can it be regarded as a remedy at law of any kind to settle the question whether the appropriation will or will not "unnecessarily interfere with the reasonable use of the property so crossed by any such improvements." Before the council the railway company may object and give its reasons for the objection, and urge the interference with the reasonable use of its property. This privilege can not be called an "adequate remedy at law." The council is a legislative body and possesses no judicial functions.

But counsel for defendant in error state on page 8 of their brief that the right to appropriate under the condition fixed by Section 2233 can be determined in the probate or common pleas court where the application is filed as provided in Section 2236. The brief says:

"Upon a hearing in such a suit brought by the city, an answer may be filed by the railroad company and the same questions may be heard and determined by the court in which the appropriation proceedings are brought; and the statute gives the railroad company the right of appeal, or the right to prosecute error."

This paragraph is full of assumption. We have said that in proceedings to appropriate for streets and alleys, etc., by municipal corporations, the council makes the appropriation by resolution, and when that is properly done, the next step is the filing of an application in one of the courts, in order to have compensation to the owner made by a jury in a constitutional manner. The application may be filed in the probate court, which, on such subjects, has merely statutory jurisdiction. And if it be filed in the court of common pleas, it still is a special proceeding and strictly regulated by statute.

There is no provision by which the railway company has a right to file an answer to the application in either of the courts. Answer to what? The application would contain the proceedings before the council, including the resolution to appropriate

and the giving of the preliminary notices, and a pertinent description of each parcel of property appropriated, and ask for the empanneling of a jury to assess compensation. An "answer" to such application would present no issue on the right to appropriate. The court, on such an application, makes no order of appropriation, if the statute is followed, because Section 2238 provides that:

"If it appear to the court or judge that such notice has been served five days before the time of the application, or has been published as provided in the preceding section, and that such notice is reasonably specific and certain, the court or judge *may set a time for the inquiry into and assessment of compensation by a jury,"* etc. Nor is there any authority for filing a crosspetition by the railway company setting up the unnecessary interference with its property. No provision is made for the making or trial of such an issue, and the court is without authority to render a judgment upon such issue if made. In practice, counsel may instance a case or cases, where some such pleadings were allowed to be filed against the application, and an inquiry made under it. We can not find any authority for it even by implication from the statutory provisions on the subject. Even if, in the exercise of the discretion of the court, such an answer or cross-pleading can be filed, it can not be respected as a remedy, much less an adequate remedy at law. A party has no adequate legal remedy if it exists wholly in the discretion of a court. To be adequate and legal it should be one that he can invoke without let or hindrance as the assertion of his rights.

But counsel for defendant in error assert that this court has affirmed *Toledo & Ohio Central Ry. Co.* v. *The City of Fostoria,* 4 Circ. Dec., 602; 7 C. C. R., 293, where a contrary view was taken. The affirmance without report appears in *Railway Co.* v. *Fostoria,* 56 Ohio St., 726. Inasmuch as the opinion of the circuit court in that case has been the source of some confusion, we have examined the printed record filed in this court, and which was the subject of review in 56 Ohio St., *supra.* Resolutions to appropriate railroad property for extension of streets had been passed by the council of Fostoria, and applications filed in the probate court under the provisions of the statute. Notices were given and assessments of compensation had by a jury and verdicts confirmed. Appeal was taken to the court

of common pleas, where the court entered upon a preliminary hearing as to the passage of the resolution by the necessary vote; the sufficiency of the notice for the hearing of the application; and as to whether the extension of the streets would unnecessarily interfere with the reasonable use of the railroad property. The entry shows that the court heard evidence and arguments, and thereupon found generally for the railway company, and adjudged that it go hence and recover costs. The city took the case on error to the circuit court on petition in error and a bill of exceptions containing the evidence adduced on the hearing. The circuit court, as shown by its judgment entry, found in substance, that the common pleas erred: (1) In finding that the notice of the application for assessing damages was insufficient; (2) in holding that the ordinance for the appropriation was not passed as alleged in the application; (3) the court erred in finding that the appropriation would unnecessarily interfere with the reasonable use of the property by the railway company. And for these errors the judgment of the court of common pleas was reversed, and the case remanded for trial. The railway company prosecuted error in this court to reverse the judgment of the circuit court, and its petition in error assigned specially the above findings upon which the court of common pleas was reversed. On this condition of the record, this court affirmed the judgment of the circuit court in general terms and without report. Looking to the third ground of reversal as found by the circuit court in the entry, the record does not inform us whether that court held that the court of common pleas lacked jurisdiction to pass on that question; or that the evidence in support of the holding was insufficient. An examination of the briefs and record shows that the right of the court of common pleas to adjudicate that question was not mooted or discussed, and the judgment entry does not show that the circuit court passed upon it. It may have based its finding upon the ground that the court of common pleas found against the decided weight of the evidence, and the affirmance by this court may have been on the ground that it would not review the point on the weight of the evidence. The same remark may be made as to the findings of the common pleas on the evidence as to the sufficiency of the notice of the application and as to the passage of the ordinance of appropriation.

There is nothing in the record of that case which was filed in this court, to indicate that the circuit court held, that as one of the preliminary questions, the probate or common pleas court, has jurisdiction to hear and determine whether or not the opening or extension of a street across the property of a railway company, will unnecessarily interfere with the reasonable use of its property. And this court in reviewing that record, determined no such question, but affirmed the judgment of the circuit court on the case as presented in the record, and not as discussed in the published opinion in *Railway* v. *Fostoria*, 4 Circ. Dec., 502; 7 C. C. R., *supra*.

This investigation of that record may illustrate the value of an unreported case as authority.

Recurring now to the case before us, we are of opinion that the petition contains facts, which, if established, will strongly tend to show that the extension of the two avenues will unnecessarily interfere with a reasonable use of the tracks, yards and depot of the plaintiff company; that it asserts that the city has ample streets in that vicinity to accommodate the public, and that the extensions will irreparably injure the plaintiff, for which it can not be compensated in money. If allowed to proceed and assess compensation, and the company should appeal or prosecute error, by making the deposit and giving a bond as provided in Section 2253, Revised Statutes, the municipal corporation may take and hold the condemned property. This statute, with the facts alleged in the petition, we think furnish sufficient warrant for a court of equity to entertain the plaintiff's case, and restrain further proceedings to assess compensation until the issue of unnecessary interference with the property of the company has been heard and determined.

The judgment of the circuit court is reversed, demurrer overruled and cause remanded for further proceedings.

*Judgment reversed.*